Hubert L. WEDEMANN, Appellant,

v.

Herman SOLEM, Warden, South Dakota Penitentiary, and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.

No. 86–5332.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1987.

Decided Aug. 17, 1987.

Scott G. Hou, Sioux Falls, S.D., for appellant.

Grant Gormley, Pierre, S.D., for appellees.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Hubert L. Wedemann appeals from the district court's orders dismissing his 28

U.S.C. § 2254 habeas corpus petition and denying his requests for reconsideration and for an evidentiary hearing. We affirm.

Wedemann was convicted of second-degree arson in South Dakota state court for a 1981 fire in a trailer house owned by Wedemann and his estranged wife. The South Dakota Supreme Court affirmed Wedemann's conviction on direct appeal. *State v. Wedemann*, 339 N.W.2d 112, 116 (S.D.1983). After Wedemann unsuccessfully pursued state postconviction remedies, he filed a habeas petition in the district court asserting his conviction was unconstitutional in four respects, three of which are presented to us in this appeal. Wedemann contends: (1) admission of evidence relating to three earlier fires on his property was so prejudicial that it constituted a denial of due process; (2) insufficient evidence was presented to support his conviction; and (3) refusal to instruct the jury that conviction could not be based on mere presence at the scene of the crime was a violation of due process. Wedemann also claims on appeal the district court should have granted him an evidentiary hearing on his habeas petition.

The district court dismissed Wedemann's petition, finding in light of substantial other evidence supporting Wedemann's conviction for the 1981 fire that the evidence of other fires was at most cumulative and that Wedemann failed to establish gross or conspicuous prejudice from its admission. The district court also found Wedemann's conviction was supported by sufficient evidence and, after reviewing the instructions as a whole, that failure to give Wedemann's proposed instruction did not violate due process. The district court deemed an evidentiary hearing unnecessary based on its conclusion all of Wedemann's challenges related to matters contained in the state court trial record and concerning which no additional evidence could be produced. We agree with the district court's disposition of each of Wedemann's claims.

Before Wedemann's trial in state court, an evidentiary hearing was held on the issue of the admissibility of evidence concerning three fires occurring in 1973, 1976, and 1977 on two residential properties owned by wedemann or, in one case, by Wedemann and his wife. The state court allowed the prosecution to show Wedemann's connection with the fires as evidence of other acts demonstrating intent, plan, knowledge, identity, or absence of mistake or accident. *See* S.D. Codified Laws § 19–12–5 (1987). The jury was given a limiting instruction setting out the purposes for which the evidence could be considered and cautioning that the evidence could not be considered to prove Wedemann's guilt in any other respect. Wedemann challenged the admission of this evidence in his direct state appeal. *Wedemann*, 339 N.W.2d at 113. The South Dakota Supreme Court approved the trial court's analysis of the probative value and prejudicial effect of the evidence and held there was no abuse of discretion in admitting the evidence. *Id.* at 114–15. Wedemann also unsuccessfully challenged admission of this evidence in his state postconviction proceedings.

■ Without question, Wedemann's conviction would have been less susceptible to attack had the challenged evidence not been in the trial record. Errors in the admission of evidence by a state court, however, " 'are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection * * * ' or resulted in a trial so fundamentally unfair as to deny * * * due process of law." *Hobbs v. Lockhart*, 791 F.2d 125, 127–28 (8th Cir.1986) (citations omitted). No due process violation exits, even if the evidence was erroneously admitted, if other evidence of guilt is so overwhelming that the error is harmless. *Id.* at 128.

Relying on *State v. Rufener*, 401 N.W.2d 740 (S.D.1987), *rev'g in part State v. Rufener*, 392 N.W.2d 424 (S.D.1986), Wedemann argues the South Dakota Supreme Court has determined since his conviction that evidence of prior acts of the type admitted at his trial is not admissible under South Dakota law. While in *Rufener* the defendant's conviction was reversed for the erroneous admission of improper impeach-

ment testimony and irrelevant physical evidence admitted under section 19–12–5, the circumstances were not similar to Wedemann's case and the reversal was not premised on due process grounds. *See id.* 401 N.W.2d at 743–45. The *Rufener* court neither cites nor mentions its earlier published opinion in *Wedemann.* We have thoroughly read *Rufener* and find no support for the argument South Dakota would view Wedemann's case any differently today. We note even if Wedemann's reading of *Rufener* is correct, an apparent error in admission of evidence under state law is not grounds to grant a federal writ of habeas corpus unless it rises to the level of a due process violation. *Hobbs,* 791 F.2d at 127–28.

■ Under Federal Rule of Evidence 404(b), from which the South Dakota rule is drawn, the evidence of prior fires would be subject to the same balancing of probative value against prejudicial effect already undertaken by three South Dakota courts and the district court before us. *See, e.g., United States v. Pierce,* 792 F.2d 740, 743 (8th Cir.1986). Given the presence of significant other evidence connecting Wedemann to the 1981 fire and the limiting instruction given to the jury at trial, we are likewise unable to find a due process violation in admission of this evidence.

■ Wedemann's claim the evidence is insufficient to support his conviction will be grounds for federal habeas relief "only if * * * [no] rational trier of fact could find [him] guilty beyond a reasonable doubt." *Wallace v. Lockhart,* 701 F.2d 719, 728 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The South Dakota Supreme Court's judgment that the evidence was sufficient to support Wedemann's conviction, *Wedemann,* 339 N.W.2d at 114, is entitled to deference by the federal court. *Wallace,* 701 F.2d at 728. We conclude there is ample evidence apart from the prior fires from which Wedemann's guilt could be found beyond a reasonable doubt, and we reject this argu-

ment as a basis for granting Wedemann's habeas petition.

■ In connection with Wedemann's request for an instruction that his conviction could not rest on his mere presence at the scene of the crime, the South Dakota Supreme Court held "the instructions adequately cautioned the jury as to the burden of proof and the evidence required to convict," and when "[c]onsidered as a whole they gave a full and correct statement of the applicable law." *Wedemann,* 339 N.W.2d at 116. Federal habeas relief is available in these circumstances only if the trial judge's refusal to give Wedemann's instruction was erroneous and if that refusal denied Wedemann due process. *Wallace,* 701 F.2d at 729. We agree the instructions as a whole required the jury to find each element of the offense, including the identity of the arsonist, beyond a reasonable doubt. The refusal to give Wedemann's requested instruction did not result in his conviction in violation of due process.

■ Finally, Wedemann is entitled to an evidentiary hearing on his petition for habeas corpus if a fair evidentiary hearing was not held in state court and if there are relevant facts that are in dispute or not adequately developed in the record. *Beavers v. Lockhart,* 755 F.2d 657, 661 (8th Cir.1985). Wedemann's challenges to his conviction relate entirely to matters arising from his state court trial that were made part of the trial record. Under these circumstances, the district court did not commit error in dismissing Wedemann's petition without an evidentiary hearing.

We have considered each of Wedemann's contentions and find each of them to be without merit. Accordingly, the district court's dismissal of Wedemann's habeas corpus petition is affirmed.