Bradford Lee COOLEY, Appellant,

v.

A.L. LOCKHART, Director, Cummins Unit, Arkansas Dept. of Corrections, Appellee.

No. 87–1888.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 2, 1988.

Decided Feb. 19, 1988.

Rehearing Denied April 5, 1988.

Mark Hampton (appointed), Little Rock, Ark., for appellant.

Mary Beth Sudduth, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Bradford Lee Cooley appeals from the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. We affirm.

Cooley was convicted by a jury of burglary and attempted rape and was sentenced to consecutive thirteen year terms on each charge. Cooley's conviction was affirmed by the Arkansas Court of Appeals. *Cooley v. State*, 629 S.W.2d 311, 316 (Ark.Ct.App. 1982). The parties agree Cooley has exhausted his state court remedies.

The evidence at trial revealed that at approximately 5:30 a.m. on April 3, 1980, the victim was awakened by an unmasked man standing near her bed. The two struggled for about ten minutes before the assailant fled. The victim recognized her assailant during the attack. She had seen him twice before the incident when he came to her home, and although she did not know him by name, she referred police to Larry Reynolds, a friend of hers who knew the man's name. After contacting Reynolds, the police took Cooley into custody and drove him back to the victim's house, where the victim positively identified Cooley as he stood, handcuffed, next to the patrol car. The victim also identified Cooley at trial, over the objection of defense counsel.

On appeal Cooley first argues that because the circumstances surrounding his pretrial showup identification were unnecessarily suggestive, the state trial court's admission of the victim's in-court identification violated his due process rights. The district court found even if the showup in Cooley's case was suggestive, *see, e.g., United States v. Hadley*, 671 F.2d 1112, 1115 & n. 2 (8th Cir.1982), the victim's in-court identification had a reliable basis and was thus admissible, *see Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Graham v. Solem*, 728 F.2d 1533, 1541–42 (8th Cir.) (en banc), *cert. denied*, 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984). We agree. Based on her earlier encounters with Cooley and her view of him during the attempted assault, the victim was able to identify Cooley to the police, although not by name. Further, the victim demonstrated a high

level of certainty when she positively identified Cooley just one and one-half hours after the assault. Under these circumstances, there was not " 'a very substantial likelihood of irreparable misidentification,' " *Manson*, 432 U.S. at 116, 97 S.Ct. at 2254 (quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968)), and Cooley's due process rights were not violated.

Cooley also claims the state trial court committed error in admitting the testimony of a witness after a violation of the witness sequestration rule and in permitting the state to use his prior convictions to impeach him. We have carefully reviewed Cooley's claims and find no error by the state trial court that " ' "infringed a specific constitutional protection * * * " or resulted in a trial so fundamentally unfair as to deny * * * due process of law.' " *Wedemann v. Solem*, 826 F.2d 766, 767 (8th Cir.1987) (quoting *Hobbs v. Lockhart*, 791 F.2d 125, 127–28 (8th Cir.1986) (quoted citations omitted)).

Finally, we find no merit in Cooley's argument that the cumulative effect of the claimed trial errors establishes grounds for habeas relief. *See Hobbs*, 791 F.2d at 130 (totality of error claim rejected in case in which court found only one harmless error).

Accordingly, the district court's denial of Cooley's petition for a writ of habeas corpus is affirmed.