Ernest C. HARPER, Appellant,

v.

Crispus NIX, Robert M.
Spire, Appellees.

No. 87–2656.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1988.

Decided Feb. 3, 1989.
Rehearings Denied March 3
and March 17, 1989.

Barbara Thielen, Omaha, Neb., for appellant.

Linda L. Willard, Lincoln, Neb., for appellees.

Before LAY, Chief Judge, FLOYD
R. GIBSON, Senior Circuit Judge, and
WOLLMAN, Circuit Judge.

LAY, Chief Judge.

Ernest Harper appeals the district
court's [1] dismissal of his petition for a writ
of habeas corpus. We affirm. In late
1981, Harper was arrested and charged in

1. The Honorable C. Arlen Beam, then Chief
Judge, United States District Court for the Dis-
trict of Nebraska.

relation to an October 3, 1981, robbery of a Wendy's restaurant in which two women employees were raped. The victims had described their assailants as two black men who wore masks during the robbery. One of the individuals participating in the robbery was described as wearing dark pants with red trim, or a red belt, around the waist. Harper was convicted in Nebraska state district court of one count of first degree robbery, one count of use of a firearm in the commission of a felony, and two counts of first degree sexual assault.

Prior to trial, Harper had filed a motion in limine seeking to bar evidence of a similar but unrelated conviction in Iowa that arose from a November 18, 1981, robbery. The motion was denied and the evidence was subsequently admitted at trial. Harper appealed his conviction based on the trial court's ruling on the motion in limine. The Nebraska Supreme Court dismissed the appeal stating that the issue had not been preserved properly by objection at trial. *State v. Harper*, 215 Neb. 686, 687, 340 N.W.2d 391, 392 (1983). Harper subsequently sought but was denied state post-conviction relief based on a claim of ineffective assistance of counsel. *State v. Harper*, 218 Neb. 870, 875, 359 N.W.2d 806, 810 (1984).

Harper next filed a petition for a writ of habeas corpus in federal district court [2] in which, in addition to his claim of ineffective assistance of counsel, he asserted claims relating to admission of evidence discovered as part of an unconstitutional search and seizure, violation of the privilege against self-incrimination, improper admission of identification evidence, the violation of *Miranda* rights at the time of a voice screening, and improper admission of his Iowa conviction. Appointed counsel decided to abandon all of these additional claims and pursued only the ineffective assistance of counsel claim relating to the failure to object to the introduction of Harper's Iowa conviction at the time of trial. The magistrate [3] reviewed the claim and found that Harper's counsel had not been ineffective

and that the admission of the Iowa conviction had not been unfairly prejudicial. Moreover, the Magistrate's Report and Recommendation stated:

[E]ven if the introduction of the details of the Iowa robbery was error, the petitioner has not demonstrated that it was error so as to cause the reversal of his conviction. As the Nebraska Supreme Court noted on appeal of the petitioner's motion for post-conviction relief, the petitioner was identified by one victim through voice identification as the assailant, one of the victims testified that clothing worn by the petitioner in the Iowa robbery was similar to that worn by one of the assailants, and a serologist testified that semen found on one of the victim's slacks came from an individual with the same blood type as the petitioner. The petitioner has not demonstrated a reasonable probability that, but for counsel's alleged errors, the results of the proceeding would have been different.

While this Report and Recommendation was under review, the district court received a letter from Harper stating that counsel had abandoned the other claims without his consent. In particular, Harper expressed concern about counsel's decision to abandon his claim that evidence relating to a pair of pants belonging to him was improperly introduced for the purposes of identifying him as a participant in the October 3, 1981, robbery and sexual assault. The district court nonetheless adopted the Magistrate's Report and Recommendation and Harper's petition was denied.

Harper again filed for post-conviction relief in state court on all of his claims. This action was dismissed on the ground that his failure to raise these claims on direct appeal and during the initial post-conviction proceedings constitutes a waiver. *State v. Harper*, 225 Neb. 300, 302, 404 N.W.2d 436, 437 (1987). Finally, Harper filed a second petition for a writ of habeas corpus in federal district court in which he again raised several claims relating to the admission of his

---

2. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

3. The Honorable David L. Piester, United States Magistrate for the District of Nebraska.

pants for identification. The magistrate reviewed Harper's second petition and, finding the claims to be restatements of issues raised in his previous petition, recommended dismissal based on successive petitioning. Rules Governing Section 2254 Cases, Rule 9(b), 28 U.S.C. foll. § 2254 (1982). The district court adopted the Magistrate's Report and Recommendation, stating "that all of the claims raised in the petition either were or could have been raised in petitioner's previous post-conviction actions."

Harper contends that counsel's decision to abandon the claims set out in his initial federal habeas corpus petition should not constitute a waiver of these claims because counsel acted without his consent. He therefore asserts that he is entitled to full consideration of all of his claims on the merits. Harper further argues that, even if counsel has waived his right to consideration of these claims, improper admission of identification evidence relating to the pants was so prejudicial that it goes to the issue of his innocence and procedural bar should therefore be lifted to consider this particular issue. We disagree.

Discussion

■ A petitioner may not obtain review of defaulted constitutional claims unless he is able to demonstrate both adequate "cause" to excuse his failure to raise the claims in state court and actual "prejudice" that resulted because the state court did not address the merits of those claims. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The Supreme Court has plainly held that, absent extraordinary circumstances, default of claims by counsel pursuant to trial strategy or tactical decision binds the petitioner even when he has not personally waived the claims. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986) (citing *Wainwright v. Sykes*, 433 U.S. at 91 n. 14, 97 S.Ct. at 2509 n. 14 and *Reed v. Ross*, 468 U.S. 1, 13, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984)). Furthermore, attorney error or inadvertence short of ineffective assistance of counsel does not constitute "cause." *Id.* at 487–88, 106 S.Ct. at 2645. Instead, the existence of "cause" must ordinarily turn on whether the petitioner can show that some objective factors external to the defense impeded counsel's efforts to comply with the state procedural rule. *Id.* at 488, 106 S.Ct. at 2646. Finally, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* at 496, 106 S.Ct. at 2650. *See also Smith v. Murray*, 477 U.S. 527, 537–38, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986).

■ While Harper contends that habeas counsel abandoned the claims without his knowledge or consent, he fails to demonstrate a "cause" of the default sufficient to meet the first requirement for lifting the procedural bar. Harper had requested and did receive appointed counsel to aid him in pursuing his habeas action. Counsel made a tactical decision to abandon those claims that had not been previously raised in the state proceedings and concentrate his efforts and the court's attention on what he considered to be Harper's strongest claim. We concur with the district court's determination that counsel's decision was neither unreasonable nor inconsistent with competent legal representation. Harper has additionally failed to allege the existence of any external objective factors that prejudiced his defense. We therefore cannot find sufficient "cause" to permit lifting the procedural bar to hear Harper's claims.

■ Notwithstanding the procedural bar, we have nonetheless reviewed the transcripts of the suppression hearing and Harper's trial in Nebraska state district court to determine whether the admission of evidence relating to the pants "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2650. We find that one of the victims, Sheila Koch, testified at the suppression hearing that she had told the police immediately following the robbery that her assailant was wearing dark pants that had red trim at the waistline. Bill of Exceptions, vol. I, at 47–48. She later identified pants that fit this description in photographs shown to her by police. *Id.* at 26, 42–43, 47–48. At trial, she once again described the pants as dark

with red trim at the waist-line and identified photographs of the pants. *Id.*, vol. II, at 58–59, 84–86, 109, 113, 122–123. We find that there was no inconsistency in the victim's identification of the pants and no evidence that the police or the prosecutor used suggestive methods to obtain the testimony. The state district court acted well within its discretion in allowing admission of this evidence at trial. We therefore find that Harper's second petition for a writ of habeas corpus was properly dismissed for successive petitioning.

JUDGMENT AFFIRMED.