**Philip SHADDY, Appellant,**

v.

**Harold CLARKE, Warden of the Nebraska State Penitentiary, Appellee.**

No. 89–1088.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1989.

Decided Nov. 28, 1989.

Bernard J. Glaser, Jr., Lincoln, Neb., for appellant.

Susan M. Ugai, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before ARNOLD and MAGILL,

Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Philip Shaddy appeals the district court's[1] denial of his petition for writ of habeas corpus. Shaddy argues that the district court erred in refusing to: 1) conduct an evidentiary hearing into his claim that his trial counsel was ineffective and that, therefore, his guilty plea was involuntary; 2) allow him to post bail pending the outcome of his appeal; and 3) appoint a handwriting expert to assist him in establishing his ineffective assistance of trial counsel claim. Because we find Shaddy's claim to be procedurally barred by his failure to file a timely appeal to the Nebraska Supreme Court, we do not reach the merits of his claims.

## I.

Shaddy filed a petition for post-conviction relief in the District Court of Douglas County alleging trial counsel[2] abridged his sixth amendment right to effective assistance of counsel. After holding an evidentiary hearing at which the court found that trial counsel was not ineffective, the court refused to grant Shaddy's petition. Shaddy's counsel filed an appeal from the state court's decision to the Nebraska Supreme Court. However, the appeal was not timely. As a result, the Nebraska Supreme Court summarily dismissed Shaddy's appeal pursuant to Neb.Ct.R. of Prac. 7 B(1) (rev. 1986), on the basis of the government's motion that the court lacked jurisdiction to hear the appeal. *State v. Shaddy*, 226 Neb. xxi (1987).[3]

Shaddy then filed his petition for writ of habeas corpus in federal court. In his rec-

ommendation and order dated October 19, 1988, the magistrate found that Shaddy was not barred by procedural default from asserting his habeas claims before the federal district court. However, after noting that the state trial judge's findings on the motion for post-conviction relief were entitled to a presumption of correctness, the magistrate recommended that Shaddy's request for an evidentiary hearing be denied. Furthermore, in denying Shaddy's petition for a writ of habeas corpus, the magistrate reached the merits of Shaddy's claims finding that he was not denied effective assistance of counsel and that his guilty plea was not involuntary. The district court issued an order dated November 21, 1988, adopting the magistrate's recommendation that Shaddy's petition be denied.

Although we affirm the judgment of the district court denying Shaddy's petition, we do so on different grounds. First, we hold that Shaddy's claim is procedurally barred by the Nebraska Supreme Court's summary dismissal of his appeal for failure to file a timely appeal. Second, we hold that before Shaddy may make the requisite showing under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to excuse his procedural default, he must exhaust his state remedies on the claim that counsel's failure to file a timely appeal constituted ineffective assistance of counsel.

## II.

As a general rule, we are precluded from reaching the merits of a petitioner's claim if he is unable because of a procedural default to obtain a state court ruling on the merits. *Wainwright v. Sykes*, 433 U.S. at 86–87, 97 S.Ct. at 2506–

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. Shaddy was appointed a different attorney to handle his post-conviction state proceedings.

3. The magistrate found that the Nebraska Supreme Court *affirmed* the judgment of the state

trial court relying in part on the lack of anything to conclude "that the Supreme Court did not consider the merits of the state's alternative motion to summarily affirm." However, the official reporter of the Nebraska Supreme Court clearly indicates that the Court granted the government's motion to summarily *dismiss* the appeal on the basis that it was procedurally barred. Given this clear statement, we reject the conclusion of the magistrate.

07; *Hobbs v. Lockhart,* 791 F.2d 125, 129 (8th Cir.1986). The state's assertion of a procedural bar to a claim must, however, have a legitimate basis in state law. *See Hathorn v. Lovorn,* 457 U.S. 255, 262–63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) (quoting *Barr v. City of Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964)). If a state court ignores a potential procedural bar and reaches the merits of a prisoner's claim, the federal habeas courts may consider the claim. *Vickers v. Ricketts,* 798 F.2d 369, 373 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987). If the state court relies upon both the substantive merits and a procedural default in rejecting a petitioner's claim, federal habeas review of the claim is precluded "only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed,* — U.S. ——, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Therefore, only if the state court issues a "plain statement" that it is rejecting petitioner's federal claim on state procedural grounds will federal habeas courts be precluded from reaching the merits of the claim. *Id.* 109 S.Ct. at 1043, 1044.

■ Even if a valid state procedural bar exists, we can ignore it and rule on the merits of the petitioner's claim if he can show sufficient "cause" for and "prejudice" from a procedural default. *Wainwright v. Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506–07. Attorney error or oversight is not sufficient cause for excusing procedural default unless it rises to the level of ineffective assistance of counsel in violation of the sixth amendment.[4] *Harper v. Nix,* 867 F.2d 455, 457 (8th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989).

Therefore, in order to dispose of Shaddy's claims, we must first examine whether the Nebraska Supreme Court relied on a valid state procedural bar in dismissing Shaddy's untimely appeal to the Nebraska Supreme Court. If such a bar exists and the Supreme Court relied thereon, then we must determine whether Shaddy has demonstrated sufficient cause and prejudice to enable us to examine the merits of his claim.

Because Shaddy's appeal was not filed within the applicable thirty day filing period, his claim is procedurally barred if the Nebraska Supreme Court failed to reach the merits of his claim and instead dismissed his appeal based upon this default. In a list of cases disposed of without opinion, the Nebraska Supreme Court noted in its official reporter that it had summarily dismissed Shaddy's claims. The reporter states that the "[m]otion of [the government] for summary dismissal sustained; see Rule 7B(1)." *State v. Shaddy,* 226 Neb. xxi (1987). Rule 7 B(1) provides that "[a] motion for *lack of jurisdiction* may be filed at any time after an appeal has been docketed." Neb.Ct.R. of Prac. 7 B(1) (emphasis added). Therefore, because there is a plain statement that Shaddy's claim was rejected on procedural grounds in the Court's official reporter, both the district court and this court are procedurally barred from reaching the merits of the claim. *See Harris v. Reed,* 109 S.Ct. at 1042, 1043.

Nevertheless, even though a procedural bar exists, we may still reach the merits of the claim if Shaddy demonstrates sufficient "cause" for and "prejudice" from his procedural default in failing to file the timely appeal under state law. *See Wainwright v. Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506–07. Although Shaddy may demonstrate sufficient cause if the failure to file a timely appeal rises to the level of ineffective assistance of counsel in violation of the sixth amendment, *see Harper v. Nix,* 867 F.2d at 457, we cannot reach this issue

---

4. A petitioner has no sixth amendment right to effective assistance of counsel during a postconviction proceeding because no sixth amendment right to counsel attaches in collateral attacks upon convictions. *See Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Nevertheless, although ineffective assistance of counsel during postconviction proceedings cannot provide grounds for habeas relief, it can constitute cause under *Wainwright* thus avoiding the procedural bar. *Harper v. Nix,* 867 F.2d 455, 457 (8th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989).

because Shaddy has not exhausted his state remedies on this claim. In so finding, we are guided by the Supreme Court's statements in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default....

[I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Id.* at 488–89, 106 S.Ct. at 2645–46 (dictum) (citations omitted).

█ In this case, Shaddy has additional opportunities to raise his ineffective assistance of counsel claim in the Nebraska state courts and thus establish cause to avoid the procedural bar.[5] In *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983), the Nebraska Supreme Court stated that a defendant may bring a second post-conviction proceeding if the grounds "relied upon did not exist at the time of the filing of the first motion." *Id.* at 405, 338 N.W.2d at 779. The Nebraska Supreme Court explicitly identified allegations of ineffective "assistance of counsel during the course of the first motion for post conviction relief," as one such ground. *Id.*

Therefore, we hold that Shaddy's claim is procedurally barred by his counsel's failure during the post-conviction proceedings to file his appeal with the Nebraska Supreme Court within the appropriate time limit. Because Shaddy has not exhausted his state court remedies on whether counsel's failure to make a timely appeal constitutes ineffective assistance of counsel,[6] we further hold that Shaddy cannot make the requisite showing to this court to excuse his procedural default.[7]

Because we affirm the district court's dismissal of Shaddy's petition on different grounds by refusing to reach the merits of his claim, we modify the judgment of the district court to a dismissal without prejudice.

---

5. Shaddy must demonstrate to the state court that "objective factors external to the defense impeded counsel's efforts to comply with the state procedural rule." Attorney inadvertence short of ineffective assistance of counsel cannot provide cause to excuse a default. *Harper v. Nix*, 867 F.2d at 457.

6. A finding of ineffective assistance of counsel is necessary to establish cause for the default. *Harper v. Nix*, 867 F.2d at 457. Furthermore, because Shaddy has not exhausted his state court remedies to establish cause, we need not even reach the issue of whether Shaddy has alleged sufficient prejudice.

7. After reviewing the record, we refuse to excuse the procedural bar on the basis that the alleged ineffective assistance of counsel "resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649.