**Russell Hillman McKINNON, Appellant,**

v.

**A.L. LOCKHART, Director,
A.D.C., Appellee.**

**No. 90–1708.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 1, 1990.

Decided Dec. 31, 1990.

---

Bob Lawson, Jr., Little Rock, Ark., for appellant.

Jack Ward Gillean, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Russell H. McKinnon was convicted of rape by a jury in Arkansas state court in 1984. He appeals from the district court's[1] denial of his petition for writ of habeas corpus, alleging that the district court erred by finding his claims procedurally barred. We affirm.

## BACKGROUND

McKinnon was found guilty of rape by deviate sexual activity in violation of Ark. Stat.Ann. § 41–1803 (1977). He allegedly forced an eleven-year-old girl who was babysitting his children to submit to oral copulation. The state's evidence mainly consisted of the victim's testimony; no physical evidence corroborated the alleged incident. McKinnon testified at trial. Pursuant to a state habitual criminal statute, McKinnon was sentenced to forty years in prison.

McKinnon appealed the conviction, alleging the trial court erred by allowing the state to introduce evidence of his aliases, and by refusing requested jury instructions. The Arkansas Supreme Court affirmed his conviction. *McKinnon v. State,* 287 Ark. 1, 695 S.W.2d 826 (1985). McKinnon's petition for post-conviction relief under Ark.R.Crim.P. 37 (now repealed) was denied by the same court. *McKinnon v. State,* No. CR–85–81 (Ark.Sup.Ct. Sept. 15, 1986) [1986 WL 9967].

McKinnon next filed a pro se petition for writ of habeas corpus in federal district court, alleging seven grounds for granting the petition. Appointed counsel asserted two additional grounds. The magistrate concluded that seven of the nine grounds were procedurally barred because they were not properly presented to the state court, and that two of the grounds in the pro se petition were without merit. The district court adopted the magistrate's conclusion regarding the two meritless grounds, but remanded for a determination whether petitioner could demonstrate "cause" excusing the procedural default under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner's counsel filed supplemental arguments, repeating his allegation that ineffective assistance of counsel on direct appeal and the novelty of the legal arguments presented constituted cause. The magistrate then issued supplemental findings, finding no cause that would excuse the procedural default. The district court adopted the magistrate's recommendation, and dismissed petitioner's habeas writ.

## DISCUSSION

McKinnon argues that the district court erred by finding his claims procedurally barred. McKinnon alleges the district court should have reached the merits on four of his claims: insufficient evidence,

---

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

ineffective assistance of appellate counsel based upon counsel's failure to raise the sufficiency of evidence claim on appeal, the prosecution's improper use of McKinnon's prior convictions at trial, and the prosecution's improper comment on McKinnon's failure to call witnesses. McKinnon acknowledges that none of these claims were properly presented to the state courts.[2] He asserts that ineffective assistance of appellate counsel on direct state appeal constitutes "cause" for his failure to raise the defaulted claims. Both sides agree that McKinnon has exhausted his state remedies; no state forum exists where McKinnon could now present these claims.

[1–4] To excuse his procedural default, McKinnon must show both "cause" for the default and "prejudice" resulting from the state court's failure to address his claims. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). In most cases, before a petitioner can argue ineffective assistance of appellate counsel as cause for a procedural default, a peti-tioner must first have presented this argument as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988); *Leggins v. Lockhart*, 822 F.2d 764, 768 n. 5 (8th Cir.1987), *cert. denied*, 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988).[3] In this case, McKinnon could have argued in the post-conviction proceeding that his counsel on direct appeal was constitutionally ineffective for failing to raise the defaulted claims he presses here. McKinnon has demonstrated he had the ability to make such an argument as he asserted in his post-conviction petition that trial counsel was constitutionally ineffective for various reasons.[4] In this case, having failed to raise the claim at the post-conviction stage, McKinnon cannot on federal habeas review rely on ineffectiveness of appellate counsel as cause for his procedural default.[5]

McKinnon also argues that this case presents "novel circumstances and arguments" which constitute cause for his fail-

2. The Arkansas Supreme Court found McKinnon was barred by state precedent from asserting an insufficiency of the evidence claim on post-conviction review when that claim was not raised on direct appeal. *McKinnon v. State*, No. CR–85–81 (Ark.Sup.Ct., Sept. 15, 1986) [1986 WL 9967]. McKinnon also defaulted his claims of improper use of prior convictions and improper comment upon failure to call witnesses by failing to raise them on direct appeal. Finally, McKinnon defaulted his ineffective assistance of appellate counsel argument by not presenting it in his state post-conviction petition. We note that McKinnon did argue in his post-conviction petition that trial counsel was ineffective, but made no claims that appellate counsel was ineffective for failing to raise specific arguments on appeal.

3. This rule is derived from *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In *Murray*, the Court stated:

[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. . . .

*Id.* at 488–89, 106 S.Ct. at 2645–46 (citations omitted). This court previously has recognized that this pronouncement is dicta. *See Shaddy v. Clarke*, 890 F.2d 1016, 1019 (8th Cir.1989);

*Stokes v. Armontrout*, 851 F.2d 1085, 1092 n. 8 (8th Cir.1988) (no need to decide whether this dicta from *Murray* applies to the "unique procedural facts" because the court decided the merits of the ineffective assistance claim), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989).

4. We note that McKinnon had the same attorney at trial and on direct appeal. In his petition for post-conviction relief, McKinnon argued that his *trial* counsel was constitutionally ineffective because she failed to move to quash the indictment, failed to challenge two jurors for bias, and failed to present a defense. *See McKinnon v. State*, No. CR–85–81 (Ark.Sup.Ct., Sept. 15, 1986) [1986 WL 9967]. Although the trial counsel and the appellate counsel were the same person, we do not believe that allegations of ineffectiveness of counsel, when solely directed to actions taken or not taken at trial, can be taken as an argument that counsel on appeal was also constitutionally ineffective.

5. We note that had McKinnon been represented by counsel during the post-conviction phase, he could argue on federal habeas review that his state post-conviction counsel was ineffective for failing to raise the claim that appellate counsel was constitutionally ineffective. *See Simmons v. Lockhart*, 915 F.2d 372, 376 (8th Cir.1990); *Shaddy v. Clarke*, 890 F.2d 1016, 1018 n. 4 (8th Cir.1989). McKinnon, however, was proceeding *pro se*. McKinnon's *pro se* status and lack of

ing to raise the ineffective assistance of counsel argument at the post-conviction stage and the insufficiency of evidence argument on direct appeal. In *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), the Supreme Court recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals. *Id.* at 16, 104 S.Ct. at 2910. If the "tools were available" for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier. *Leggins v. Lockhart*, 822 F.2d 764, 766 (8th Cir.1987), *cert. denied*, 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). Certainly, the tools were available for McKinnon to argue in his direct state appeal that the evidence was insufficient to support the guilty verdict. Similarly, he could have argued in his petition for post-conviction relief to the Arkansas Supreme Court that he was furnished ineffective assistance of appellate counsel on his first appeal. Neither of these were novel arguments.[6]

familiarity with the intricacies of the law cannot alone constitute cause. *Cf. Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir.1988) (holding that petitioner's pro se status and lack of familiarity with the English language did not constitute "cause" for failure to raise ineffectiveness of appellate counsel argument in post-conviction petition), *cert. denied*, 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989).

6. After reviewing the record, we are satisfied that there was not a constitutional violation in this case resulting in "the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

7. In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:

   [T]he decision tree for habeas review of defaulted claims is intricate and costly.... In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

   Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990).

We hold that the procedural default in the state court bars us from reaching the merits of McKinnon's claims on habeas review.[7]

## CONCLUSION

The judgment of the district court denying the writ of habeas corpus is affirmed.

A recent Eleventh Circuit case illustrates the complexity and amount of judicial energies necessary to analyze procedurally defaulted claims. In *Johnson v. Dugger*, 911 F.2d 440 (11th Cir. 1990), it took forty pages and eighty footnotes, nearly all spent on procedural default issues, for the majority to decide that a remand is necessary to develop more facts concerning issues raised by the procedural default doctrine. Likewise, in the case before us, delay occurred when the district court remanded the case to the magistrate to make findings and recommendations on whether McKinnon had demonstrated cause for his default.

With all due respect for the *Sykes* standard and the policies it is designed to serve, the magistrate and this court could likely have disposed of the merits of McKinnon's claims with little effort. Review of the record shows sufficient evidence to support McKinnon's conviction, especially considering Arkansas' rule that rape convictions can be obtained by uncorroborated testimony of the victim. *See Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Similarly, McKinnon has not presented sufficient evidence that appellate counsel was constitutionally ineffective under the strict standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The allegations supporting McKinnon's other two defaulted claims do not rise to the level of a constitutional violation.