977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence WILLIAMS, Jr., Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 91-2087.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Lawrence Williams, Jr., appeals the dismissal of his habeas corpus petition filed under 28 U.S.C. § 2254. The district court did not reach the merits, dismissing Williams' petition because of a procedural default in the state courts and Williams' failure to demonstrate adequate cause for the default. We affirm.
 
 
 2
 A habeas corpus petitioner who has procedurally defaulted in state court must show cause and actual prejudice before he will be allowed to present an unexhausted claim in federal court. See Teague v. Lane, 489 U.S. 288, 298 (1989). The error in this case, failure to file pleadings in a timely fashion, in and of itself is not sufficient cause to excuse the failure to exhaust state remedies. See Coleman v. Thompson, 111 S.Ct. 2546, 2566 (no "cause" where attorney failed to file timely appeal). That Williams proceeded pro se before the district court does not require a different conclusion in this case. See Barksdale v. Lane, 957 F.2d 379, 385-86 & n. 15 (7th Cir.1992) (petitioner's status as a pro se petitioner, standing alone, cannot be considered when determining cause for procedural default), petition for cert. filed, July 27, 1992 (No. 92-5311); McKinnon v. Lockhart, 921 F.2d 830, 832 n. 5 (8th Cir.1990) (pro se status and lack of legal knowledge cannot alone constitute cause), cert. denied, 111 S.Ct. 2805 (1991). In any event, as noted by the district court, "petitioner has demonstrated sufficient sophistication to require him to have observed the 56-day rule."
 
 
 3
 Accordingly, the judgment of the district court is AFFIRMED.