19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Steven Michael HERRICK, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3445.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 14, 1994.
Filed: March 28, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Herrick appeals the district court's[1] order denying his motion to vacate his sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 The district court initially classified Herrick as a career offender but departed downward pursuant to the government's motion and sentenced him to 84 months in prison and eight years supervised release. In his first Sec. 2255 motion, Herrick argued that the district court incorrectly calculated his Guidelines range; that his sentence was disproportionate to those of his codefendants; and that counsel was ineffective. We affirmed the denial of that motion, concluding that Herrick waived the right to challenge his sentence because it fell within the range anticipated in his plea agreement, and that his counsel was not ineffective. See Herrick v. United States, No. 92-2361 (8th Cir. Jan. 19, 1993) (unpublished per curiam).
 
 
 3
 In July 1993, Herrick filed this second Sec. 2255 motion, arguing that he is not a career offender because the Sentencing Commission exceeded its authority when it included his conspiracy offense within the career offender Guideline. This successive motion is an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 489-95 (1991); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993) (McCleskey standard applies to successive Sec. 2255 motion).
 
 
 4
 Under McCleskey, Herrick is required to show that an external cause prevented him from raising this claim in his earlier motion. See 499 U.S. at 493-94. Herrick argues that he now raises a novel constitutional issue, but the district court correctly concluded that it could have been raised in his first motion. Cf. McKinnon v. Lockhart, 921 F.2d 830, 833 (8th Cir. 1990), cert. denied, 111 S. Ct. 2805 (1991). Herrick's pro se status is not cause, see Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992), and he has failed to prove actual innocence. See McCleskey, 499 U.S. at 494. Thus, his successive motion is procedurally barred.
 
 
 5
 In addition to being an abuse of the writ, Herrick's motion is foreclosed by our prior holding that he may not challenge his sentence because it fell within the range anticipated in his plea agreement. Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HARRY H. MACLAUGHLIN, Senior United States District Judge for the District of Minnesota