**Bobby BAILEY, Appellee,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.**

**No. 94–1739.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Jan. 30, 1995.

Kelly Kristine Hill, Asst. Atty. Gen., argued (Olan W. Reeves, Asst. Atty. Gen., on the brief), for appellant.

Barry A. Bryant, Texarkana, AR, for appellee.

Before McMILLIAN, Circuit Judge, REAVLEY,* Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

■ Arkansas inmate Bobby Bailey brought this 28 U.S.C. § 2254 habeas petition, claiming he was denied due process during his state court trial for selling amphetamine. The district court granted relief, concluding the state court's admission of evidence that Bailey had sold marijuana in the past was so prejudicial that it deprived Bailey of a fair trial. The State of Arkansas appeals, and we reverse.

At Bailey's trial, a police officer and an informant testified they purchased amphetamine from Bailey at his home. Bailey testified the officer and informant were at his home, but denied he sold them amphetamine and denied the amphetamine in evidence had belonged to him. On cross-examination, Bailey admitted he had sold marijuana in the past. The trial court instructed the jury that Bailey's testimony about his past marijuana sale was not admissible to prove guilt, but was admissible only to prove intent, design, scheme, or plan. The Arkansas Court of Appeals affirmed Bailey's conviction, concluding the past marijuana sale was admissible under Arkansas evidentiary rules for the limited purposes identified by the trial court, the past drug sale's probative value outweighed any unfair prejudice, and the trial court's limiting instruction was proper.

■ A state court's evidentiary ruling is a matter of state law, and we may examine the ruling in a habeas proceeding only to determine whether the asserted error denied due process. *Rainer v. Department of Corrections,* 914 F.2d 1067, 1072 (8th Cir.1990), *cert. denied,* 498 U.S. 1099, 111 S.Ct. 993, 112 L.Ed.2d 1077 (1991). Having reviewed the totality of the evidence and the manner in which Bailey's testimony about his past marijuana sale was presented and used, we conclude the admission of the testimony was not so prejudicial that its admission fatally infected the trial and deprived Bailey of fundamental fairness. *See Hobbs v. Lockhart,* 791 F.2d 125, 127–28 (8th Cir.1986). The state trial court instructed the jury about the limited relevance of Bailey's past marijuana sale, and other significant evidence—the police officer's testimony, the informant's corroborat-

* The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

ing testimony, and the amphetamine seized—supported the jury's verdict. In these circumstances, Bailey has failed to show the admission of the challenged evidence violated due process. *See id.; Wedemann v. Solem,* 826 F.2d 766, 768 (8th Cir.1987).

Thus, we reverse.