George R. SHOOK, Appellant,

v.

Harold CLARKE, Appellee.

No. 89–1104.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1989.

Decided Feb. 7, 1990.

Robert R. Steinke, Columbus, Neb., for appellant.

Lynne Rae Fritz, Lincoln, Neb., for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

George R. Shook appeals the district court's dismissal of his petition for writ of habeas corpus. We affirm.

Shook asserted three constitutional grounds for relief in his habeas petition. The Nebraska Supreme Court had ruled on one of Shook's habeas claims and the district court rejected this claim on the merits. Shook presented his other habeas claims in a state postconviction action. Shook's counsel, however, failed to raise these claims on appeal of the postconviction proceeding to the Nebraska Supreme Court. Despite Shook's contention that postconviction counsel was constitutionally ineffective, the district court concluded Shook's claims were barred by his failure to show cause for the procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Although we affirm the district court's dismissal of Shook's petition, we do so for a different reason.

 In our view, the district court prematurely considered the issue of Shook's procedural default. Before Shook may make a *Wainwright* showing in federal district court to excuse his procedural default, Shook must exhaust available state remedies on his claim that postconviction counsel was ineffective. *Shaddy v. Clarke*, 890 F.2d 1016, 1018–19 (8th Cir. 1989). Ineffective assistance of counsel during postconviction proceedings "can constitute cause under *Wainwright* thus avoiding the procedural bar." *Id.* at 1018 n. 4.

The Nebraska Supreme Court recognizes ineffective assistance of postconviction counsel as a ground for a second postconviction proceeding. *State v. Meis*, 233 Neb. 355, 445 N.W.2d 610, 613 (1989);

*see also Shaddy*, 890 F.2d at 1019. Thus, Shook's failure to present his ineffective assistance of counsel claim under the Nebraska postconviction act when a second proceeding is available to him is a failure to exhaust remedies within the meaning of the federal habeas corpus statute. *Harrod v. Black*, 818 F.2d 17, 18 (8th Cir.1987); 28 U.S.C. § 2254(b), (c) (1982).

Because Shook presented a state habeas petition containing both exhausted and unexhausted claims to the district court, the court properly dismissed Shook's petition. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). The dismissal should be without prejudice, however.

As modified, we affirm the judgment of the district court.