**Winford STOKES, Appellant,**

v.

**William ARMONTROUT, Appellee.**

No. 89–1103.

United States Court of Appeals,
Eighth Circuit.

April 24, 1990.

Before LAY, Chief Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges.

ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC.

The suggestion for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active judges voting to rehear the case en banc. Judge Lay dissents from the denial of the petition for rehearing en banc. In accordance with the direction contained in the panel opinion, the stay of execution previously in effect is dissolved.

The petition for rehearing is also denied.

LAY, Chief Judge, dissenting.

I respectfully dissent from the denial of the petition for rehearing en banc.

Winford Stokes has been sentenced to death. He now asserts that his death sentence was constitutionally deficient. This court denied an earlier habeas petition in which Stokes raised ten grounds for relief, none of which included the one asserted here. *Stokes v. Armontrout*, 851 F.2d 1085 (8th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). In this successive petition Stokes seeks to set aside his death penalty sentence because the jury instruction given at the sentencing phase of his state trial was constitutionally defective under the principles enunciated in *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). *Mills* held unconstitutional a capital punishment statute that required jury unanimity on the existence of mitigating circumstances which would preclude imposition of the death penalty. The requirement of jury unanimity risked the possibility that mitigating evidence was not considered: "[A] jury that does not unanimously agree on the existence of any mitigating circumstance may not give mitigating evidence any effect whatsoever, and must impose the sentence of death." *Mills*, 486 U.S. at 375, 108 S.Ct. at 1866. As the *Mills* court points out, this result is the "height of arbitrariness." *Id.* at 374, 108 S.Ct. at 1865. The recent decision of *McKoy v. North Carolina*, — U.S. —, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990), setting aside a death penalty under a North Carolina statute requiring jury unanimity on mitigating circumstances, reinforces the principles announced in *Mills*.

Stokes' jury was exposed to the jury unanimity requirement in Instruction # 21:

> If you decide that a sufficient aggravating circumstance or circumstances exist to warrant the imposition of death, as submitted in Instruction No. 20, it will then become your duty to determine whether a sufficient mitigating circumstance or circumstances exist which outweigh such aggravating circumstance or circumstances so found to exist. In deciding that question you may consider all of the evidence relating to the murder of Pamela R. Benda.
>
> You may also consider whether the murder of Pamela R. Benda was committed while the defendant was under the influence of extreme mental or emotional disturbance.
>
> You may also consider any circumstances which you find from the evidence in extenuation or mitigation of punishment. If you unanimously decide that a sufficient mitigating circumstance or circumstances exist which outweigh the aggravating circumstance or circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole until he has served a minimum of fifty years of his sentence.[1]

The panel has now decided that Stokes is barred under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) from raising a challenge to this constitutionally deficient jury instruction because he failed to raise this challenge in state court. The panel believes Stokes' *Mills* challenge is not new or novel so as to excuse Stokes' procedural default because it was available back in 1978 under the rule announced in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), that juries must be allowed to consider all mitigating evidence. I think the issue of novelty is not so easily resolved.[2] However, for purposes of this dissent, I will not quarrel with this finding.[3]

Assuming the panel is correct that Stokes' claim is not novel and that a lawyer had the tools back in 1978 to make such an objection (a highly unlikely assumption I respectfully submit) then Stokes should nonetheless be able to raise the *Mills* claim as a "miscarriage of justice" under *Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986), and *Smith v. Murray*, 477 U.S. 527, 537–38, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986) (manifest miscarriage of justice at sentencing phase of trial). The "miscarriage of justice" rule considers whether the refusal to review on habeas a procedurally defaulted claim "carries with it the risk of a manifest miscarriage of justice." *Smith*, 477 U.S. at 538, 106 S.Ct. at 2668. I submit that this rule is applicable to Stokes' claim of an unconstitutional sentencing determination. The sentencing process was hardly devoid of constitutional error, and that constitutional error undermined the death penalty determination. If the constitutional error recognized in *Mills* constitutes the

---

**1.** Missouri's statute authorizing the death penalty under which Stokes was sentenced does not impose a unanimity requirement, while the statutes challenged in *Mills* and *McKoy* included that requirement. *Compare* Md.Ann.Code Art. 27, § 413(i) (1988); N.C.Gen.Stat. § 15A–2000 (1988), *with* Mo.Ann.Stat. § 565.012 (Vernon 1979). However, the *Mills* court pointed out "it is not relevant whether the barrier to the sentencer's consideration of all mitigating evidence is interposed by statute, by the sentencing court, or by an evidentiary ruling." 486 U.S. at 375, 108 S.Ct. at 1866 (citations omitted).

**2.** As the Supreme Court in *Saffle v. Parks*, — U.S. —, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) points out, *Lockett* and its progeny held only that a state cannot bar relevant mitigating evidence from being presented, but do not speak to how the state may guide the jury in considering and weighing that evidence. "There is a simple and logical difference between rules that govern *what* factors the jury must be permitted to consider in making the sentencing decision, and rules that govern *how* the state may guide the jury in considering and weighing those factors in reaching a decision." *Id.* at —, 110 S.Ct. at 1261 (emphasis in original).

**3.** If the issue is new, thus providing "cause" under *Wainwright*, consideration of the claim may still be barred under the principle announced in *Teague v. Lane*, — U.S. —, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), that new rules should not be applied retroactively on collateral review. *Id.* at —, 109 S.Ct. at 1075.

"height of arbitrariness," then it is a violation of the eighth amendment, and if the phraseology "miscarriage of justice" has any meaning under the law then it should apply here. *Cf. Dugger v. Adams*, 489 U.S. 401, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989) (declining to apply the manifest miscarriage of justice rule where the judge's instructions misinformed the jury of the role of appellate review).[4] Under these circumstances the procedural bar of *Wainwright* should not apply.

The panel is well aware of this concern, but reasons that even if the procedural default bar is defeated by the *Murray* miscarriage of justice rule, Stokes still cannot be successful. The panel reasons: "In our judgment the death penalty would have been assessed 'even if the jury had been instructed in the terms petitioner now claims are required by *Mills*.'" *Stokes v. Armontrout*, 893 F.2d 152, 156 (8th Cir. 1989) (citing *Smith v. Armontrout*, 888 F.2d 530, 546 (8th Cir.1989)).

I cannot agree with this. The only rationale for this conclusion is stated in the preceding portion of the panel's opinion:

Stokes's counsel chose not to offer any mitigating evidence during either the guilt phase or the penalty phase of the trial. (The former decision was clearly in line with Stokes's complete-innocence defense.) After reviewing the whole trial transcript, we conclude that the jury had only one mitigating circumstance to weigh against Stokes's brutal acts: a court-initiated instruction about Stokes' possibly disturbed mental or emotional state. *See* Instruction No. 21; Mo. Rev.St. § 565.012.3.

*Id.* I cannot accept the panel's substitution of its judgment for that of the jury. If mitigating evidence is submitted, it is up to the jury to determine whether that evidence mitigates the death penalty. The unanimity rule, however, allows "the imposition of capital punishment on the basis of 'caprice' in 'an arbitrary and unpredictable fashion' or through 'arbitrary' or 'freakish' means." *McKoy*, 110 S.Ct. at 1239 (Kennedy, J., concurring) (citing *Franklin v. Lynaugh*, 487 U.S. 164, 181, 108 S.Ct. 2320, 2331, 101 L.Ed.2d 155 (1988); *California v. Brown*, 479 U.S. 538, 541, 107 S.Ct. 837, 838, 93 L.Ed.2d 934 (1987)). Where the death penalty was imposed in such an unacceptable manner due to erroneous instructions, I cannot assume that a properly instructed jury would reach the same result.[5]

This court has no right to place itself in the role of the jury and reject the mitigating evidence as not credible or not relevant. *Cf. Eddings v. Oklahoma*, 455 U.S. 104, 113–16, 102 S.Ct. 869, 876–77, 71 L.Ed.2d 1 (1982) (mitigating evidence relevant even if it does not excuse defendant's conduct). The panel speculates that the jury would have found the death penalty even if it had been properly instructed. Such speculation does not belong in the law and obviates an unconstitutional procedural error which constitutes the height of arbitrariness. "When the choice is between life and death, th[e] risk [that the death penalty is imposed in spite of factors that may allow a lesser penalty] is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments." *Lockett*, 438 U.S. at 605, 98 S.Ct. at 2965.

---

**4.** Although the *Dugger* court declined to apply the miscarriage of justice principle, reserving its use for the "extraordinary" case, Stokes' claim meets this narrow qualification. The *Dugger* majority rejected the idea that this principle is available simply because the sentencing process was undermined. However, that is not the situation here. Stokes' sentencing process was not just undermined, it was constitutionally deficient, and violates the eighth amendment.

**5.** In *Clemons v. Mississippi*, —— U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Supreme Court held that an appellate court could reweigh aggravating and mitigating circumstances in an attempt to salvage a death penalty that had been questioned because of an invalid aggravating factor. The Court supported its conclusion, in part, by pointing out that appellate courts routinely engage in reweighing to determine whether the evidence supports the verdict. *Id.* 110 S.Ct. at 1447–48. This assumes that the jury was able to consider all the evidence, both aggravating and mitigating, to arrive at a death sentence. The problem with a *Mills* instruction is the very serious risk that the jury did not consider the mitigating evidence because it could not unanimously agree on the existence of mitigating factors.

A man's life is at stake. His sentence deserves the greatest scrutiny, to ensure that the death penalty was not imposed despite factors calling for a lesser penalty. *Mills*, 486 U.S. at 376–77, 108 S.Ct. at 1866–67. This court's review must adhere to the standard established in *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), that constitutional errors involving jury instructions require a remand unless the error was harmless beyond a reasonable doubt. *Id.* at 581–82, 106 S.Ct. at 3107–08. The panel's abrupt conclusion that Stokes' jury would not have acted differently had it been properly instructed ignores this standard. This result is particularly egregious in a death penalty case, as pointed out by the *Mills* court: "No one on this Court was a member of the jury that sentenced Ralph Mills, or of any similarly instructed jury in Maryland. We cannot say with any degree of confidence which interpretation [of the unanimity requirement] Mills' jury . accepted. * * * Evolving standards of societal decency have imposed a correspondingly high requirement of reliability on the determination that death is the appropriate penalty in a particular case." *Id.* at 383–84, 108 S.Ct. at 1870.

The panel places Stokes in procedural catch–22. He cannot raise the issue because he is procedurally barred—but even if he could the court says all twelve jurors would have rejected his mitigating evidence. I know of no rule of law that allows such speculation. Certainly, this type of reasoning is not warranted in a death penalty case.

The writ of habeas corpus should issue; Stokes is entitled to a new trial on the sentencing phase of the case.