George C. GILMORE, Appellant,

v.

Paul DELO, Superintendent, Potosi Correctional Center, Appellee.

No. 89–2234.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided July 16, 1990.

Kevin L. Collins, Dallas, Tex., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before ARNOLD, Circuit Judge,
FLOYD R. GIBSON and HENLEY,
Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

George C. Gilmore, a Missouri death-row inmate, appeals from the district court's order denying his second petition for a writ of habeas corpus in which he challenged his conviction and death sentence for the 1979 murder of Mary Luella Watters.[1] The district court denied the petition on the basis that all but one ground raised in the petition had been raised in his first petition and rejected by this court in *Gilmore v. Armontrout,* 861 F.2d 1061 (8th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). As to the remaining ground, without addressing the state's abuse of the writ and procedural bar defenses, the court rejected Gilmore's contention that a unanimity requirement in a death-penalty phase instruction[2] violated *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988).[3]

■ We affirm. In this case, the district court properly refused to review those claims previously raised and rejected by this court. Rule 9(b) of the Rules Governing Section 2254 Cases In The United States District Courts provides that "[a] second or successive habeas petition may be dismissed if the judge finds that it fails to allege new or different grounds and the prior determination was on the merits.…" *See also Larson v. United States,* No. 89–5171, 905 F.2d 218 (8th Cir. June 6, 1990) (successive habeas claim properly dismissed where appellate court previously rejected claim and petitioner only argued ruling was incorrect); *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir.1988) ("repetitive claims should not be revisited because [petitioner] does not present any new facts or legal developments warranting relitigation of the claim").[4]

■ As to the district court's denial of the remaining ground, we affirm, but do so only on procedural grounds. Unlike the district court, we do not address the merits of the *Mills* issue. We agree with the state that Gilmore's failure to raise the

1. The facts surrounding the murder are set forth in the Missouri Supreme Court opinion affirming Gilmore's conviction and death sentence. *State v. Gilmore,* 661 S.W.2d 519, 521–22 (Mo.1983) (en banc), *cert. denied,* 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).

2. The challenged instruction reads as follows:
   If you decide that a sufficient aggravating circumstance or circumstances exist to warrant the imposition of death, as submitted in Instruction No. 26, it will then become your duty to determine whether a sufficient mitigating circumstance or circumstances exist which outweigh such aggravating circumstance or circumstances so found to exist. In deciding that question you may consider all of the evidence relating to the murder of Mary Luella Watters.
   You may also consider whether the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
   You may also consider any circumstances which you find from the evidence in extenuation or mitigation of punishment.

   If you unanimously decide that a sufficient mitigating circumstance or circumstances exist which outweigh the aggravating circumstance or circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole until he has served a minimum of fifty years of his sentence.

3. *Mills* "governs the jury's consideration of mitigating factors in the sentencing phase of a death-penalty case, and condemns an instruction that leaves a reasonable juror with the impression that a mitigating circumstance may not be considered unless the jurors first unanimously find that it exists." *Stokes v. Armontrout,* 893 F.2d 152, 152–53 (8th Cir.1989).

4. The Supreme Court has recently made clear that a new rule of law cannot be announced or applied in a federal habeas case, except in limited circumstances. *Butler v. McKellar,* — U.S. —, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

*Mills* claim in his first petition constitutes an abuse of the writ. *See* Rule 9(b) (if petitioner asserts new and different ground in successive petition, failure to assert ground in previous petition may constitute abuse of writ). In any event, consideration of the claim would be procedurally barred by Gilmore's failure to raise it in state court.

In *Fairchild v. Lockhart*, 900 F.2d 1292 (8th Cir.1990), this court made clear that "[i]n death-penalty cases, as in all cases, it is, with some exceptions, an abuse of the Great Writ to assert new grounds for relief that were available at the time of an initial petition." *Id.* at 1294 (citing, *e.g., Smith v. Armontrout*, 888 F.2d 530, 540 (8th Cir. 1989)). The court further stated that "the procedural-bar 'cause' and 'prejudice' analysis of *Wainwright* [*v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ], and the 'factual innocence' exception [of *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ] to that analysis, also apply to a state's abuse-of-the-writ defense." 900 F.2d at 1294. In *Smith*, this court explained that "[i]n the penalty-phase context, this exception will be available if the federal constitutional error alleged probably resulted in a verdict of death against one whom the jury would otherwise have sentenced to life imprisonment." 888 F.2d at 545.

Here, Gilmore has not demonstrated cause for failing to raise the *Mills* issue in his first habeas petition, and for reasons to be discussed, the "innocence" exception is unavailable to him.

Even if Gilmore had raised the *Mills* claim in his first petition, consideration of the claim would be procedurally barred. On appeal, he argues that "cause" exists to excuse the bar because the *Mills* claim was novel at the time of his 1982 trial. In the alternative, he argues that if the claim was not novel, his counsel's ineffectiveness in failing to object to the instruction constitutes "cause." This court, however, has rejected these arguments.

In *Smith*, this court stated:

If it be suggested that the point is a novel one, ... the *Mills* opinion itself stands as refutation. The case is written as a standard application of the rule that juries must be free to consider any and all evidence as a mitigating factor. This has been a familiar feature of the legal landscape since 1978, when *Lockett v. Ohio*, 438 U.S. 586 [98 S.Ct. 2954, 57 L.Ed.2d 973] was decided. The tools with which to make a *Mills* argument were available ... when this case was tried.

*Id. Accord Stokes v. Armontrout*, 893 F.2d 152, 155–56 (8th Cir.1989). *Smith* and *Stokes* govern this case. *Id.* at 155. Gilmore's "failure to make a *Mills*-type argument before the Missouri courts bars ... consideration of the claim...." *Id.* at 156.

Also, as in *Smith* and *Stokes*, Gilmore's "effort to bring himself within the innocence exception fails." *Id.* " 'The question is this: if the jury had been told, in compliance with *Mills*, that any mitigating circumstance, even if not unanimously found by the jury, could be weighed, would it probably have fixed the punishment at life in prison?' " *Id.* (quoting *Smith*, 888 F.2d at 545). "On this question the burden is on the petitioner, and we think, on the basis of the whole trial transcript, that he has not carried it." *Smith*, 888 F.2d at 545.

According to the verdict form, the jury found as statutory aggravating circumstances that Gilmore murdered Watters for the purpose of receiving money or any other thing of monetary value, Mo.Rev.Stat. § 565.012.2(4) (repealed), and for the purpose of preventing her from testifying at a judicial proceeding. *Id.* § 565.012.2(12) (repealed). As additional aggravating circumstances, the jury found that Gilmore had six prior criminal convictions, and after viewing Gilmore's videotaped confession, that he had murdered Lottie and Clarence Williams. During the penalty phase, the only mitigating evidence that Gilmore offered was the testimony of Elaine Sluce, who taught Gilmore when he was a thirteen-year old student in 1959 in her special education class. Sluce, who also testified at trial, offered her belief that Gilmore had been abused as a child. At trial, Gilmore presented the testimony of Dr. Peter Hein-

becker, a psychiatrist who had examined Gilmore four times between September, 1981 and February, 1982. Dr. Heinbecker testified that Gilmore's mental abilities were in the borderline mentally retarded range and that he functioned intellectually at the level of a twelve-year old boy. We also note that at trial, although Gilmore denied that he had murdered Watters, he testified that at the time of the murder he was an alcoholic and had been taking "speed" and "acid."

We have carefully reviewed the entire trial and penalty-phase transcript and are convinced that "even if the jury had been instructed in the terms petitioner now claims are required by *Mills[,]" Smith*, 888 F.2d at 546, the jury would have imposed the death penalty.

Accordingly, we affirm the judgment of the district court denying Gilmore's second petition for a writ of habeas corpus. However, unlike the district court, we express no view on the constitutionality of the challenged instruction, but only affirm the *Mills* issue on procedural grounds. Gilmore's "constitutional claim is beyond our reach."[5] *Stokes*, 893 F.2d at 156.

The stay of execution will remain in effect for the time being. If, however, no timely petition for rehearing is filed, or if one is filed and denied, we will dissolve the stay and issue our mandate.

It is so ordered.

---

5. We note that on June 19, 1990, following a remand by the United States Supreme Court, *Petary v. Missouri*, — U.S. —, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990), the Missouri Supreme Court upheld the constitutionality of a death-penalty instruction similar to the one Gilmore is attempting to challenge. *Missouri v. Petary*, 790 S.W.2d 243 (Mo.1990) (en banc).