Martsay **BOLDER**,
Appellee/Cross–Appellant,

v.

Bill **ARMONTROUT**,
Appellant/Cross–Appellee.

Nos. 89–2323, 89–2324.

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1990.

Decided Dec. 12, 1990.

Steven Hawke, Jefferson City, Mo., for appellee/cross-appellant.

Gardiner Davis, Kansas City, Mo., for appellant/cross-appellee.

Before LAY, Chief Judge, and MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

The district court found that Martsay Bolder's trial counsel was constitutionally ineffective during the sentencing phase of his capital murder trial in Missouri state court and granted his petition for writ of habeas corpus. This vacated his death sentence. Armontrout appeals, asserting that most of Bolder's federal claims are procedurally barred and that Bolder's underlying ineffectiveness claim is without merit. Bolder cross-appeals the district court's adverse holdings on a multitude of other issues. We agree that several of Bolder's claims are procedurally barred and that his cross-appeal is without merit and reverse.

## I. BACKGROUND

Bolder was indicted for and convicted of the murder of Theron King, a fellow inmate in the Missouri State Penitentiary. Bolder's trial counsel, Julian Ossman, in accordance with Bolder's instructions, did not contact members of Bolder's family in search of mitigating sentencing evidence and did not investigate to determine whether any other individuals could have provided mitigating background information. Ossman presented no mitigating evidence during the penalty phase of the bifurcated trial because he believed that none existed. Instead, he relied on his argument to convince the jury that the death penalty was not appropriate. The jury disagreed with Ossman and sentenced Bolder to death.

The Missouri Supreme Court affirmed the judgment and sentence on direct appeal. *State v. Bolder*, 635 S.W.2d 673 (Mo.

1982) (en banc), *cert. denied*, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983) (*Bolder I*). Bolder twice sought to have his death sentence vacated in post-conviction actions in state courts under Missouri Supreme Court Rule 27.26.[1] The first petition was denied following an evidentiary hearing, and the denial was affirmed by the Missouri Court of Appeals. *Bolder v. State*, 712 S.W.2d 692 (Mo.Ct.App.1986) (*Bolder II*). Bolder's second petition was denied as a successive petition without an evidentiary hearing. This denial was affirmed by the Missouri Supreme Court. *Bolder v. State*, 769 S.W.2d 84 (Mo.1989) (en banc) (*Bolder III*).

In his first 27.26 petition, Bolder asserted that his right to effective assistance of counsel under the sixth and fourteenth amendments to the United States Constitution had been violated. In addition to his allegation that Ossman failed to investigate for mitigating evidence, Bolder claimed that Ossman failed to interview four potential inmate witnesses, to call them at trial, and to present any mitigating evidence during the sentencing phase of his trial, including evidence of his borderline intelligence and his tender age at the time of the murder.

As indicated, the Missouri circuit court held an evidentiary hearing. Bolder testified and called four other witnesses—his sister and three individuals who were inmates at the Missouri State Penitentiary at the time of the murder. Following the hearing, the court found that Bolder had instructed Ossman not to contact Bolder's family and had not suggested any witnesses, character or otherwise, to Ossman. The court found that Ossman interviewed the four inmates and, after consulting with Bolder, decided not to call them as witnesses. The court also found, based on the report of a psychiatrist, that Bolder was not suffering from a mental disease or defect and was able to conform his actions to the law. Thus, the court concluded that Bolder's counsel provided constitutionally

---

1. Rule 27.26 was repealed effective January 1, 1988. Post-conviction actions in Missouri are now governed by Missouri Supreme Court Rule 29.15.

adequate assistance and denied post-conviction relief.

The Missouri Court of Appeals affirmed. *Bolder II*, 712 S.W.2d 692. The appellate court held that Ossman made a reasonable decision, after talking with each potential inmate witness and with Bolder, not to call the inmates as witnesses. The court held that because Bolder's age was apparent to the jury, Bolder was not prejudiced by Ossman's failure to present age as a mitigating factor and that Bolder had failed to indicate how his borderline intelligence constituted a mitigating factor. Finally, the court held that Ossman's failure to present mitigating evidence was due to a lack of such information rather than deficient performance.

As also indicated, Bolder's second 27.26 motion was dismissed as successive, and the dismissal was affirmed on appeal. *Bolder III*, 769 S.W.2d at 86, 88. In his second petition, Bolder listed nine witnesses whom he alleged Ossman should have contacted and called as character witnesses during his trial. However, Bolder failed to allege anything about the nature of the evidence these witnesses could presumably have provided, or to allege that Ossman knew, or could have discovered, that these witnesses existed. Thus, the Missouri Supreme Court held that the allegations in this second 27.26 petition were insufficient as a matter of law. The court also held that Bolder had failed to establish that these allegations could not have been raised in his first petition.

Following his unsuccessful attempts to obtain relief in state court, Bolder filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1988), in federal district court raising some of the same issues addressed in the state courts and some issues that were not properly presented to the state courts. *Bolder v. Armontrout*, 713 F.Supp. 1558, 1562 (W.D.Mo.1989).

The district court held an evidentiary hearing at which Bolder called several witnesses, including his childhood minister, Y-pal,[2] and a family friend. Bolder's ineffective assistance claim in federal court focused on Ossman's failure to find, and call these particular background witnesses who testified that Bolder had a troubled childhood. The district court, after determining, without significant discussion, that cause and prejudice excused Bolder's improper presentation of this claim in state court, found that Ossman's failure to find and call these witnesses rendered his performance constitutionally inadequate.

Armontrout appeals the court's findings that Ossman's performance was inadequate and that Bolder demonstrated cause and prejudice sufficient to overcome the state procedural default. Bolder cross-appeals, asserting, among other claims, that the district court erred in finding that his confession was voluntary and that the penalty phase jury instructions did not violate due process.

## II. DISCUSSION

In a habeas corpus action, the state court's factual findings are entitled to a presumption of correctness. The district court, and this court, must accept those findings that are supported by the record.[3] 28 U.S.C. § 2254(d); *Laws v. Armontrout*, 863 F.2d 1377, 1386 & n. 9 (8th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). The presumption of correctness, however, applies only to factual findings. The state courts' conclusions that Bolder's counsel was not constitutionally inadequate are reviewed as mixed questions of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir.1984).

---

2. The Y-pal program that Bolder participated in was established by the YMCA to expose youth who had been in juvenile court to a family environment outside of their homes. Thomas Johnston, who testified at the federal court hearing, was Bolder's Y-pal when Bolder was between eleven and thirteen years old.

3. Bolder does not argue that one of the statutory exceptions to the presumption of correctness applies to the state court's factual findings. *See* 28 U.S.C. § 2254(d)(1)–(8) (1988).

A. Ineffective assistance of counsel

■ Under *Strickland*, to obtain relief on the basis of ineffective assistance of trial counsel, Bolder must

> show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Our review of counsel's performance is highly deferential, and we presume that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. Regarding prejudice, the Court stated: "When a defendant challenges a death sentence ... the question is whether there is a reasonable probability that, absent the errors, the sentencer—including an appellate court, to the extent it independently reweighs the evidence—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Id.* at 695, 104 S.Ct. at 2069.

### 1. *Failure to investigate*

■ In his first 27.26 petition, Bolder alleged that his counsel was ineffective in failing to interview or call character witnesses and inmate witnesses. At the hearing, Bolder presented no evidence, except the testimony of his sister,[4] to establish the existence of mitigating evidence. As indicated, the state court denied relief. On appeal, Bolder asserted the same legal arguments but, again, adduced no factual support.

In the federal habeas action, the district court found that Bolder's claim that Ossman failed to investigate and to present mitigating evidence was procedurally barred. The court held that Bolder's failure, on appeal in state court, to provide factual support for his claim constituted a procedural default that prevented federal court review unless Bolder demonstrated cause and prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The court found, however, that the ineffectiveness of Bolder's post-conviction counsel excused the default and that Bolder suffered prejudice. *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Before reaching these conclusions, the district court found that mitigating evidence had existed.

> Petitioner was one of ten children living in a housing project. His mother worked full time and the children were routinely entrusted to the care of older sisters. The evidence at trial revealed that when the petitioner was very young, his parents divorced. His father was an alcoholic who suffered a nervous breakdown when the petitioner was eight to nine years old. On several occasions the father would return to the family home, beat on the door while shouting obscenities, and demand to be let in. These altercations caused a great deal of stress within the family. Further, petitioner's brother was killed at a young age and the evidence revealed that petitioner suffered from learning deficiencies.

*Bolder v. Armontrout*, 713 F.Supp. at 1567. The court determined that this evidence was not presented at trial because Ossman was unaware that he could present non-statutory mitigating evidence. Thus, Ossman's "decision not to investigate petitioner's family or childhood background was not based on an understanding of controlling law and was not within the range of professionally reasonable judgment. This is not a situation where counsel had made a reasonable investigation that ren-

---

4. The state court found that Bolder specifically instructed Ossman not to contact his family.

This finding is supported by the record of the state proceedings.

dered the decision not to further investigate acceptable." [5] *Id.* The district court granted Bolder's petition and vacated his death sentence.

Initially, we review the district court's finding that Bolder's claim is subject to a state procedural bar. We agree that a procedural default occurred. However, the default actually happened at the 27.26 trial court hearing when Bolder failed to present evidence to support the claim which he later raised in federal court. While Bolder alleged in state court that Ossman failed to properly investigate for mitigating evidence, he made no allegations and offered no proof relating to specific background evidence.[6] At the evidentiary hearing, Bolder's evidence consisted solely of his testimony and the testimony of three fellow inmates.[7] Bolder testified that he asked Ossman to interview and call four inmates as witnesses at his trial. 27.26 Transcript at 53–56. He testified that the only witnesses he suggested to Ossman were the four inmates and members of his family. *Id.* The inmates did not testify to Bolder's character or background. Bolder called no other witnesses to testify about his troubled childhood or other background information. Bolder's testimony reveals that his 27.26 ineffectiveness claim concerned Ossman's failure to call the four inmate witnesses.

Bolder's failure to provide factual support becomes more evident after reviewing the Missouri state courts' handling of his second petition for post-conviction relief. Bolder's second petition, as did his first, asserted that Ossman provided ineffective assistance in failing to interview and call character witnesses who were willing to testify. The state circuit court found that the petition was successive and denied it without a hearing. The Missouri Supreme Court affirmed.[8] After concluding that Bolder's petition was successive, the court reviewed the allegations contained therein:

Appellant alleges his trial counsel was ineffective in failing "to properly investigate for and interview witnesses whose testimony would have been favorable to movant during the punishment phase of his trial." Nine names are endorsed as witnesses in support of this allegation some with addresses, some without. The motion is utterly silent regarding any fact which might be garnered by interviewing these witnesses. There is no allegation pertaining to trial counsel's ability to know of the existence of any of these witnesses or how he might be aware of their ability to present testimony favorable to movant. Failure to allege such facts is fatal to a motion seeking post-conviction relief and warrants

5. Bolder made several other allegations of ineffective assistance in his habeas petition. The district court found that Ossman's decision not to introduce evidence of Bolder's good character as a young child, of his mental abilities, which were in a psychological report, and of his environment at the penitentiary was reasonable because of the potential for damaging cross-examination. The court also concluded that the victim's propensity for violence was not a mitigating factor and that Ossman was not unprepared because he failed to interview prosecution witnesses. *Bolder v. Armontrout,* 713 F.Supp. at 1567–69. Bolder does not challenge these findings in his cross-appeal. Thus, we address only the claim regarding Ossman's failure to discover and present the testimony of the minister, Y-pal and family friend.

6. In state court, Bolder failed to allege what mitigating evidence would have been discovered had Ossman conducted a reasonable investigation into his background. Although he presented some evidence to the federal district court,

he failed to allege that a reasonable investigation would have revealed such evidence. On the merits this failure is fatal to Bolder's claim that either Ossman or his post-conviction counsel was ineffective. *See United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987). However, because of the procedural bar we do not address the merits of the underlying ineffectiveness of trial counsel claim.

7. As noted, Bolder's sister also testified at the 27.26 proceeding. However, the federal district court agreed with the state courts' findings that Bolder specifically requested that Ossman not contact his family. Accordingly, the court found that Ossman was not ineffective in not contacting Bolder's family. Again, Bolder does not challenge this finding.

8. Bolder's appeal to the Missouri Court of Appeals was transferred to the supreme court before an opinion was filed. *Bolder III,* 769 S.W.2d at 85.

denial of the motion without an evidentiary hearing.

*Bolder III*, 769 S.W.2d at 87.

While the legal claims in both petitions are the same—ineffective assistance of counsel—the broad factual allegations in support of the claims are different. In his first petition, as already noted, Bolder based his claim on Ossman's failure to interview and call four inmate witnesses. Bolder's claim in the second petition was based on Ossman's failure to interview and call nine witnesses referred to in the Missouri Supreme Court's opinion. The supreme court disposed of the second petition on the grounds that it was successive and that the allegations were legally insufficient. *Id.* at 87–88. The allegations of ineffective assistance in the federal habeas petition resemble the allegations in the second 27.26 petition. The testimony relating to Bolder's troubled childhood, which was presented in federal court in support of the allegations in the habeas petition, was not presented to the state courts. Thus, the ineffective assistance of counsel claim, as presented to the district court, was not properly presented to the Missouri tribunals.

As this court recently held in *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir.1990), the same facts and legal arguments must be present in both the state and federal claims or federal review is barred. Federal habeas review of specific allegations of ineffectiveness is procedurally barred when the state courts were presented with only broad allegations of ineffectiveness unsupported by facts. *See id.; Byrd v. Armontrout*, 880 F.2d 1, 7 (8th Cir.1989),

*cert. denied,* —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990) (must show cause and prejudice before evidence not presented to state court can be presented in federal habeas action); *Stranghoener v. Black*, 720 F.2d 1005, 1008 (8th Cir.1983) (per curiam) (claim not fairly presented to state court when "factual allegations in the federal petition significantly added to the allegations made before the state court"); *see also Thomas v. Zant*, 697 F.2d 977, 988 (11th Cir.1983) (additional evidence in federal court not allowed unless petitioner shows failure to present evidence to state court was not due to inexcusable neglect or deliberate bypass).

Therefore, we agree with the district court that federal habeas review is barred unless Bolder demonstrates cause and prejudice excusing his state court default.[9] The district court found cause in Bolder's post-conviction counsel's ineffectiveness.

> The Court agrees that petitioner's post-conviction counsel was ineffective with respect to the omission of mitigating evidence in that she did not present this evidence to the state court as proof of trial counsel's ineffectiveness. The hearing on the instant petition reveals such evidence existed at the time of Bolder's trial. If petitioner's trial counsel is to be deemed ineffective for failing to raise such evidence, appellate counsel is no less so.

*Bolder v. Armontrout*, 713 F.Supp. at 1564. This was the extent of the district court's analysis of post-conviction counsel's performance. Notably, post-conviction counsel did not testify at the evidentiary hearing, and no other evidence was

---

9. The district court noted that since it was reviewing the imposition of a death sentence it was "appropriate to bypass procedural default rules to reach the merits of allegations of constitutional error." *Bolder v. Armontrout*, 713 F.Supp. at 1564. The court relied on *Laws*, 863 F.2d at 1387 n. 10, for this proposition. In *Laws*, however, this court did not disavow the procedural bar. Rather, we found at least an "arguable factual commonality" with issues that were properly raised in the state courts and proceeded to address the merits of the claim. *Id.* Here, the district court incorrectly held that it should "bypass the procedural default" merely because this case involves the imposition of the

death penalty. *See Gilmore v. Delo*, 908 F.2d 385, 386–87 (8th Cir.1990) (procedural bar to federal review of death sentence jury instruction overcome only by showing of cause and prejudice or probable innocence); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989), *reh'g denied*, 901 F.2d 1460 (same). Bolder's allegation that Ossman was ineffective in failing to discover and present testimony regarding his troubled childhood from a minister, Y-pal, and family friend is not related to the evidence presented to the state courts which concerned only Ossman's failure to call four inmate witnesses.

presented in support of Bolder's claim that post-conviction counsel was ineffective.

The district court determined that ineffective assistance of post-conviction counsel was sufficient to satisfy the cause requirement of *Wainwright.* Armontrout strongly argues, however, that ineffective assistance of post-conviction counsel cannot constitute cause for a state procedural default.

The United States Supreme Court, in *Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645, held that ineffective assistance of counsel can constitute cause for a procedural default. The Court stated that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488–89, 106 S.Ct. at 2645–46. Thus, Armontrout argues that, because post-conviction counsel's ineffectiveness is not an independent ground for relief in state court, it cannot constitute cause to excuse a procedural default. However, this court recently held that ineffective assistance of post-conviction counsel can constitute cause for a procedural default. *Simmons v. Lockhart,* 915 F.2d 372, 376 (8th Cir.1990). *See also Shook v. Clarke,* 894 F.2d 1496, 1497 (8th Cir.1990); *Shaddy v. Clarke,* 890 F.2d 1016, 1018 n. 4 (8th Cir.1989); *Stokes v. Armontrout,* 851 F.2d 1085, 1092 n. 8 (8th Cir.1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989).[10]

The district court simply assumed that post-conviction counsel was ineffective because she did not present factual support for the claim that Ossman had failed to investigate Bolder's background. However, the record does not offer any insight into the reason that post-conviction counsel

failed to present such factual support. Bolder did not testify that he provided any assistance to her, and nothing in the record supports a finding that she failed to investigate the claim. Thus, the ineffective assistance claim fails for a lack of support. Because Bolder failed to establish that his post-conviction counsel was inadequate, he failed to establish cause for the state procedural default. Thus, the district court incorrectly addressed the merits of Bolder's claim. Federal review of the claim is barred.

### 2. *Age as a mitigating factor*

■ Armontrout also challenges the district court's finding that Ossman was ineffective in failing to present Bolder's age as a mitigating factor.[11] This issue was properly raised throughout the state proceedings and is not procedurally barred. The defendant's age at the time of the crime was a statutory mitigating factor under the statute in effect at the time Bolder was sentenced. *See* Mo.Rev.Stat. § 565.012.3(7) (1978). Ossman did not present evidence of Bolder's age, and the jury was not instructed that age was a mitigating factor. The district court found that Ossman's failure to present evidence of Bolder's age was unreasonable in light of the fact that no other mitigating evidence was presented. The court also found prejudice:

This Court cannot agree with the Missouri Court of Appeals that there was no prejudice to Bolder because he was present in court and his age was observable. Such a conclusion is dangerously speculative given the nature of the sanction at issue. The instructions in the case clearly instruct the jury to only consider those mitigating circumstances *in*

---

**10.** While this circuit has held that ineffectiveness of post-conviction counsel can constitute cause, several other circuits have held that, because there is no constitutional right to assistance of counsel in post-conviction proceedings, an ineffective lawyer in a state habeas proceeding cannot provide the basis for a finding of "cause" within the cause-prejudice framework of *Wainwright. See Prihoda v. McCaughtry,* 910 F.2d 1379, 1386 (7th Cir.1990); *Coleman v. Thompson,* 895 F.2d 139, 144 (4th Cir.), *cert.*

granted in part, — U.S. —, 111 S.Ct. 340, 112 L.Ed.2d 305 (1990); *Toles v. Jones,* 888 F.2d 95, 99–100 (11th Cir.1989), *reh'g granted and opinion vacated,* 905 F.2d 346 (11th Cir.1990). The Supreme Court may resolve this conflict in *Coleman v. Thompson.*

**11.** Bolder presented several other allegations of ineffective assistance. However, the district court denied relief on these grounds, and Bolder does not challenge those denials in this appeal.

*evidence.* The fact that Bolder may or may not appear youthful could easily be lost on the jury whose attention should be focused on the instructions.

*Bolder v. Armontrout,* 713 F.Supp. at 1566 (citation omitted).

The district court's decision was based on *Woodard v. Sargent,* 806 F.2d 153 (8th Cir.1986). In *Woodard,* this court held that counsel's failure to request a jury instruction regarding a new statutory mitigating circumstance—that the petitioner lacked a prior history of significant criminal activity—was not reasonably competent assistance. *Id.* at 157. The court found that, in the absence of any other mitigating circumstance for the jury to balance against the two aggravating circumstances, there was a reasonable probability that, had the jury been properly instructed, the result of the sentencing would have been different. *Id.* at 157–58.

The Supreme Court has indicated that youth is a very important factor in mitigation. *See Eddings v. Oklahoma,* 455 U.S. 104, 115–16, 102 S.Ct. 869, 877–78, 71 L.Ed.2d 1 (1982). In *Eddings,* the Court, in reviewing the death sentence of a sixteen-year-old, noted that adolescent offenders are less able to control their conduct. *Id.* Bolder, however, was twenty-one at the time he murdered King. Thus, his age was not necessarily a mitigating factor. *See DeLuna v. Lynaugh,* 890 F.2d 720, 722 (5th Cir 1989) (age of twenty-one not necessarily mitigating factor); *Harich v. Dugger,* 844 F.2d 1464, 1468–69 (11th Cir.1988) (en banc), *cert. denied,* 489 U.S. 1071, 109 S.Ct. 1355, 103 L.Ed.2d 822 (1989), *adopting after reh'g, Harich v. Wainwright,* 813 F.2d 1082, 1097 (11th Cir.1987) (not error for prosecutor to argue that twenty-two-year-old defendant is not entitled to mercy).

Thus, a significant factual distinction exists between this case and *Woodard.* Here, the statutory mitigating circumstance, age, is not clearly mitigating. As indicated, Bolder was twenty-one years old at the time he killed King and was serving a sentence for a murder that he committed at a younger age. Thus, we cannot say that a reasonable probability exists that the jury, if evidence of Bolder's age had been presented and a proper instruction given, would have sentenced Bolder to life imprisonment. Our confidence in the outcome of Bolder's sentencing has not been undermined.

**B. Voluntariness of confession**

■ Bolder orally confessed to stabbing Theron King, and his confession was introduced at his trial. As he did before the Missouri state courts, Bolder now asserts that his confession was coerced by the promise of lenient treatment and, thus, was involuntary. The district court reviewed the historical facts surrounding Bolder's confession and found that they were supported by the record of the state court proceedings and entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(d). The court found that no promise of leniency was made and that the totality of the circumstances revealed that the confession was voluntary. *Bolder v. Armontrout,* 713 F.Supp. at 1569–72.

Bolder asserts that an officer at the Missouri State Penitentiary stated that Bolder "would get it some other way" if he did not tell the truth and that telling the truth "would be better for him." The district court found that, taken in context, the statement of the officer indicated that if Bolder did not tell the truth, the officer would find it out some other way and that cooperating with the authorities would be best for Bolder. We agree with the district court that this did not constitute implied or express promises of leniency. *See id.* at 1571. The confession was voluntary.

**C. Jury instructions**

■ Bolder also argues that several erroneous jury instructions given at sentencing violated his rights to due process. Armontrout responds that review of most of these issues is procedurally barred. We address the merits of only those issues properly before the district court.

Bolder first contends that the jury instructions required him to prove that mitigating factors outweighed aggravating factors. Bolder presented this argument

to the state court and in his petition for habeas corpus. The district court did not address this issue in its opinion. Because the district court indicated that it "prudentially decide[d] to reach the merits of these issues," *id.* at 1574 n. 13, we assume that this was one of the issues which the court found, without discussion, to be meritless. *See id.* at 1583.

The sentencing phase jury instructions did not shift the burden of proof to Bolder. As a threshold requirement to imposing the death sentence, Instruction Eighteen required that the jury find, unanimously and beyond a reasonable doubt, that the statutory aggravating circumstance—that Bolder was in the lawful custody of a place of confinement at the time of the murder—existed. This instruction provided that Bolder was not required to prove or disprove anything. If the state failed to establish the aggravating factor, the jury was required to fix Bolder's punishment at life imprisonment. Instruction Nineteen then required the jury to determine whether the aggravating circumstances (the statutory circumstance and any other evidence concerning the murder, including Bolder's prior conviction for murder), which the jury found beyond a reasonable doubt to exist, warranted the imposition of the death sentence. Instruction Twenty further restricted the jury's discretion to impose the death penalty by requiring that if, after considering all of the evidence relating to the murder, the jury unanimously found that mitigating circumstances existed which outweighed the aggravating circumstances, then life imprisonment was the only available punishment. Finally, Instruction Twenty-one provided that even in the absence of mitigating circumstances that outweighed the aggravating circumstances, the jury was not compelled to impose the death penalty.

The instructions in this case did not require Bolder to present mitigating evidence to avoid the death penalty. The instructions required that the state prove an aggravating circumstance before the jury could consider the death penalty. Following these instructions, the jury would have been precluded from imposing the death penalty if mitigating circumstances outweighed the aggravating circumstances. However, the converse is not true. As indicated, after the jury found that an aggravating circumstance existed, the death penalty was not required, even in the absence of mitigating evidence. We note that sentencing schemes similar to the one challenged here have been upheld by the United States Supreme Court. *See Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).

■ Next, Bolder contends that Instruction Nineteen improperly allowed the jury to consider all circumstances relating to the murder when determining whether to impose the death penalty. As the district court correctly held, however, the jury was required, before imposing the death penalty, to find that the statutory aggravating circumstance existed. Thus, the jury's sentencing discretion was adequately channeled regarding the availability of the death penalty. The fact that the jury, after finding that the death penalty was a possible sentence, was allowed to consider all of the evidence relating to the murder does not make the sentence invalid. *See Godfrey v. Georgia,* 446 U.S. 420, 428, 100 S.Ct. 1759, 1764, 64 L.Ed.2d 398 (1980); *Gregg,* 428 U.S. at 196–97, 96 S.Ct. at 2936.

Bolder asserts several other challenges to the penalty phase jury instructions. These alleged errors, including his contention that Instruction Nineteen violated the principles of *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), were not properly presented to the Missouri state courts. Thus, although the district court addressed the merits of some of Bolder's arguments and denied relief, we decline to review the merits here and affirm on procedural grounds only. *See Stokes v. Armontrout,* 893 F.2d 152, 155 (8th Cir.1989) (review of *Mills* claim not raised in state court procedurally barred). Bolder offers no excuse for his failure to raise these issues in state court.

## III. CONCLUSION

We have carefully considered Bolder's other assignments of error and find them to be without merit. Accordingly, the judgment of the district court granting the writ of habeas corpus is reversed. Bolder's death sentence is reinstated.

LAY, Chief Judge, dissenting.

I dissent. As the district court determined, Bolder's trial counsel was constitutionally ineffective by failing to present evidence and a mitigating-evidence instruction on Bolder's age at the time of the offense. As the district court found, there also can be little dispute that Bolder's trial counsel, without a reasoned professional judgment, failed to investigate Bolder's background for any mitigating evidence. *Bolder v. Armontrout*, 713 F.Supp. 1558, 1566–67 (W.D.Mo.1989).

### I.

The majority opinion argues that Bolder's age, twenty-one at the time of the offense, was not a "clearly mitigating" factor and that no reasonable probability exists that the jury would have been influenced by it. This ignores the law that age *was* a statutory mitigating factor for the jury's consideration at the time of Bolder's trial. *See* Mo.Ann.Stat. § 565.012.3(7) (Vernon 1979) (repealed 1983). Regarding the Missouri Court of Appeals' suggestion that the jury could assess Bolder's age from observing him in court, the federal district court aptly stated that:

> Such a conclusion is dangerously speculative given the nature of the sanction at issue. The instructions in the case clearly instruct the jury to only consider those mitigating circumstances *in evidence*. The fact that Bolder may or may not appear youthful could easily be lost on the jury whose attention should be focused on the instructions.

*Bolder*, 713 F.Supp. at 1566. The mere possibility that Bolder appeared to be young and that the jury considered his age as a mitigating factor when they had not been told to do so should not be relied upon when an individual faces the death penalty.

The majority's analysis of trial counsel's failure to present other mitigating evidence is difficult to comprehend. The majority's statement that trial counsel "presented no mitigating evidence ... because he believed that none existed" is meaningless. Maj. op. at 1360. The record is undisputed that Bolder's trial counsel failed to investigate and produce mitigating evidence because he did not know he could present non-statutory mitigating evidence in Bolder's defense.[1] *Bolder*, 713 F.Supp. at 1567 n. 9.

The evidence before the federal district court showed that Bolder suffered from learning deficiencies, his parents divorced when he was very young, he was one of ten children living in a housing project, his father was an alcoholic who had a nervous breakdown when Bolder was a child and who used violence and abuse when attempting to return home, and his brother was killed at a young age. *Id.* at 1567. The district court found there was a reasonable probability that this evidence would have influenced the sentencing jury had it been introduced.[2]

---

1. The court stated that:

   [c]ounsel testified at the hearing on this petition that he had *not* considered investigating for this evidence. It is this [c]ourt's opinion that counsel's decision not to investigate [Bolder's] family or childhood background was not based on an understanding of controlling law and was not within the range of professionally reasonable judgment. This is not a situation where counsel had made a reasonable investigation that rendered the decision not to further investigate acceptable. Counsel testified before this [c]ourt that the existence of such evidence was not sought. *Bolder*, 713 F.Supp. at 1567 (footnote omitted).

2. The majority incorrectly relies on *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir.1987), to support its argument that the failure to allege what a reasonable investigation would have revealed is fatal to Bolder's claim of ineffective assistance of counsel.

Contrary to the majority's implication that Bolder instructed trial counsel not to investigate whether others besides family members could have provided mitigating background information, trial counsel testified at the habeas hearing that "[t]he only people I recall him instructing me not to contact [were] his family." Habeas Hrg. Tr. at 130.

## II.

Rather than considering the findings of the district court, the majority holds that Bolder procedurally defaulted at the post-conviction stage because he failed to adequately raise the claim of ineffective assistance of trial counsel in his Rule 27.26 petition. As the majority concedes, however, "ineffective assistance of post-conviction counsel can be 'cause' for purposes of lifting a procedural bar." *Simmons v. Lockhart*, 915 F.2d 372, 376 (8th Cir.1990). *See also Shook v. Clarke*, 894 F.2d 1496, 1497 (8th Cir.1990); *Shaddy v. Clarke*, 890 F.2d 1016, 1018 n. 4 (8th Cir.1989) (per curiam).[3]

To succeed on a claim of ineffective assistance of counsel, a defendant must show a deficient performance by counsel and a reasonable probability of a different outcome but for counsel's deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Post-conviction counsel's performance in presenting the factual basis for the ineffective trial counsel claim was deficient. The majority states that nothing in the record supports a finding that post-conviction counsel failed to investigate the claim of trial counsel's ineffectiveness regarding mitigating evidence. Maj. op. at 1365. This reasoning is baffling to me! It is refuted by the fact that federal habeas counsel *did* find such evidence. Had post-conviction counsel adequately pursued the claim through independent investigation into Bolder's childhood, he or she would also have located this evidence because it was available.

The majority disagrees with the district court's finding that post-conviction counsel was ineffective. The majority holds there was insufficient evidence adduced at the federal habeas hearing that post-conviction counsel was ineffective in not presenting factual support for the claim that trial counsel failed to investigate Bolder's background. The majority, without analysis, simply states that

> the record does not offer any insight into the reason that post-conviction counsel failed to present such factual support. Bolder did not testify that he provided any assistance to her, and nothing in the record supports a finding that she failed to investigate the claim. Thus, the ineffective assistance claim fails for a lack of support.

Maj. op. at 1365. I am unaware of any authority that states that Bolder, in order to demonstrate ineffective assistance of counsel, must prove the reason why counsel was ineffective. Similarly, I am unaware of any authority that states Bolder must show that he personally requested counsel to perform the legal responsibilities which reasonably skilled counsel would have automatically undertaken. Under *Strickland*, Bolder need only "identify the acts or omissions of counsel" that he asserts resulted in ineffective assistance. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Once Bolder has demonstrated that his post-conviction counsel failed to find and use available factual support for the claim of trial counsel's ineffectiveness, he has satisfied his burden. I have great difficulty in understanding a principle of law that allows a man to be executed because he did not show why his post-conviction counsel was ineffective.

The evidence presented at the habeas hearing demonstrated a reasonable probability that, but for post-conviction counsel's inadequate performance, the outcome of

---

The Seventh Circuit held that the petitioner had to make, through the testimony of the potential witnesses, a comprehensive showing as to what an investigation would have produced. The court remanded the case for further development of the record. *Id.* at 1016–17. Here, Bolder made such a comprehensive showing by presenting to the district court the testimony which should have been discovered.

3. According to *Shaddy*, Bolder must exhaust his state remedies on the claim of ineffective assistance of post-conviction counsel. *Shaddy*, 890

F.2d at 1017. Bolder meets this exhaustion requirement because he could not have raised his claim of ineffective assistance of post-conviction counsel in a successive Rule 27.26 motion. *See State v. Brown*, 633 S.W.2d 301, 302 (Mo.Ct.App. 1982) (holding claim "not cognizable" in second Rule 27.26 proceeding). Missouri's new Rule 29.15(k) prohibits all successive petitions. *See Mack v. State*, 775 S.W.2d 288, 292 (Mo.Ct.App. 1989); *see also Barks v. Armontrout*, 872 F.2d 237, 239 (8th Cir.1989).

the post-conviction proceeding would have been different. Bolder has thereby demonstrated actual prejudice resulting from the default. This court has observed that the prejudice requirements of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *Strickland* are similar and intertwined. *See Mercer v. Armontrout*, 864 F.2d 1429, 1434 & n. 3 (8th Cir.1988). Here, post-conviction counsel's failure to present the factual basis for Bolder's claim of ineffective trial counsel resulted in Bolder's inability to have the merits of that issue examined.

The record clearly supports the district court's determination that Bolder's trial counsel's performance was constitutionally deficient. He not only failed to present evidence and a mitigating-evidence instruction on Bolder's age at the time of the offense, he also failed—without making a reasoned professional judgment—to investigate and present mitigating evidence from Bolder's background. The Missouri Court of Appeals erred in concluding that trial counsel's failure to present mitigating evidence was due to a lack of such evidence. *Bolder v. State*, 712 S.W.2d 692, 695 (Mo.Ct.App.1986).

The district court found "no valid mitigating evidence was presented to the sentencing jury—when valid mitigating evidence existed." *Bolder*, 713 F.Supp. at 1569. In Missouri, the decision to impose a death sentence is a balancing process. "Jurors are instructed to weigh mitigating factors against aggravating factors in deciding whether a defendant should live or die." *Id.* at 1566. When a person's life hangs in the balance, all available mitigating evidence should be presented for the jury to consider. The district court found there existed a reasonable probability that, had trial counsel presented evidence of Bolder's troubled childhood and his age as mitigating factors, the jury "would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069. The record sustains this analysis. The total absence of any effort to present mitigating evidence clearly undermines the integrity of the jury's conclusion in the sentencing phase of Bolder's trial.

I would affirm the district court's decision to grant the writ of habeas corpus and vacate the death sentence.